**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br> v.<br><br>JESUS VALLEJO HERNANDEZ, a.k.a. Chico,<br><br>    Defendant-Appellant. | No. 16-50088<br><br>D.C. No. 5:14-cr-00002-JGB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted October 23, 2017[**]

Before: LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

 Jesus Vallejo Hernandez appeals from the district court's judgment and

challenges the 120-month sentence imposed following his guilty-plea conviction

for possession with intent to distribute methamphetamine and aiding and abetting,

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (viii) and 18 U.S.C. § 2(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hernandez contends that the district court misapplied the minor role Guideline, U.S.S.G. § 3B1.2, by failing to compare him to all of his co-participants in the criminal scheme.  We review the district court's interpretation of the Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion.  *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The record reflects that the court considered Hernandez's argument that he was less culpable than his three co-defendants, the unidentified seller, and the buyer.  The court nevertheless determined that Hernandez had failed to show that he was "substantially less culpable than the average participant."  U.S.S.G. § 3B1.2 cmt. n.3(A), (C).  This was the proper legal analysis.  Moreover, in light of the totality of the circumstances, including Hernandez's central role in orchestrating the sale of a large quantity of methamphetamine, the district court did not abuse its discretion in concluding that Hernandez was not a minor participant.  *See* U.S.S.G. § 3B1.2 cmt. n.3(C).

**AFFIRMED.**